Docusign Envelope ID: AFF82E26-7583-41AF-B335-A520ED2E3DE1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ, *an individual*,

        Plaintiff,                                   CASE NO.:

vs.

UNIVERSITY CENTER NORTH LTD.*, a Florida Limited Partnership,*

        Defendant.

_____/

## COMPLAINT

Plaintiff, JESUS GONZALEZ (hereinafter "Plaintiff"), sues Defendant, UNIVERSITY CENTER NORTH LTD., (hereinafter "Defendant"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of Florida.

## THE PARTIES

3. At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of the State of Florida.

4. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff has been diagnosed with paraplegia and uses a wheelchair for mobility purposes.

5. Defendant, UNIVERSITY CENTER NORTH LTD., is a Florida Limited Partnership, authorized to doing and doing business in this District; specifically, Defendant owns the property housing those certain businesses known as Shawarma Xpress, located at 1309 SW 107th Avenue, Unit A, Miami, FL 33174 and Little Caesars Pizza, located at 1551 SW 107th Avenue, Miami, FL 33174 (referred to herein as the "Subject Property").

6. All events giving rise to the instant action occurred in Miami, Florida.

7. Venue is proper in the Southern District of Florida in that the Subject property is located in Miami-Dade County, Florida, which is in this District.

## COUNT I
## VIOLATIONS OF THE ADA

8. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

10. Congress specifically found, *inter alia*, that:[1]

a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

c. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11. Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

(iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

12. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

13. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

15. Upon information and belief, the Subject Property has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

16. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

17. The Plaintiff is a resident of Coral Gables, Florida. Plaintiff visited the Subject Property but was unable to enjoy full access to the goods and services at the Subject Property because he is in a wheelchair.

18. Specifically, Plaintiff encountered the following barriers to access:

**Shawarma Xpress**:

    a. <u>Parking Lot & Accessible Route</u>:

        i. The accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

  b.  <u>Accessible Route from Public Right-of-Way by Suite 1303:</u>

    i.  The ramp is missing the handrails on both sides of the ramp, violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.  The ramp's top landing has a non-compliant sloped surface, violating Section 4.8.4 of the ADAAG and Section 405.7 of the 2010 ADA Standards, whose resolution is readily achievable.

  c.  <u>Unisex Accessible Restroom:</u>

    i.  Door does not provide the required maneuvering clearance on the pull side of the door. Store item (Soda cans on crates) encroaches over the required maneuvering clearance on the pull side of the door. This violates Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.  There are permanently designated interior spaces without proper signage location. Signage is mounted on the door leaf without braille or raised characters violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.  The trash bin is encroaching over the accessible water closet clear floor space. This violates Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.  The water closet flush control is not mounted on the open side of the water closet. This violates Sections 4.16.5 of the ADAAG and Sections 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.  The rear wall grab bars is 24" long violating Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.  The toilet cleaner dispenser is mounted over the rear wall grab bar at the wrong height not providing the required clearance. This violates Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      vii.      The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

      viii.      The paper towel dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

      ix.      The lavatory is mounted at 58.25" from the water closet side wall not providing the required clear floor space. This violates Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

      x.      The lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. This violates Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

      xi.      The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

      xii.      The soap dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    d.    <u>Access to Goods and Services:</u>

      i.      The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

      ii.      The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**Little Caesars Pizza**:

a. <u>Parking Lot & Accessible Route</u>:

　　i. The accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

　　ii. The accessible parking space access aisle is located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

　　iii. Curb ramp has a vertical change in level violating Section §4.7.4 of the ADAAG and Section §406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

b. <u>Accessible Route towards Unisex Accessible Restroom:</u>

　　i. The inside of the store does not maintain the required clear width requirements creating barriers for people using wheelchairs or other mobility devices violating of Section 4.3.3 of the ADAAG and Section 403.5.1, 403.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

c. <u>Unisex Accessible Restroom:</u>

　　i. Door does not provide the required maneuvering clearance on the pull side of the door. Store item (Soda bottles on crates) encroaches over the required maneuvering clearance on the pull side of the door. This violates Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

　　ii. Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

　　iii. Non-compliant door locking hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

　　iv. Water closet seat is mounted at a non-compliant height above the finished floor to top. Sections 4.16.3 of the ADAAG and Sections 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.    The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    The paper towel dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The lavatory is mounted at 58.25" from the water closet side wall not providing the required clear floor space. This violates Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    viii.    The lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. This violates Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    ix.    The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    d.    <u>Access to Goods and Services:</u>

    i.    The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

19.    This is not intended as a complete list of ADA and ADAAG violations at the Subject Property. Plaintiff intends to conduct a full expert inspection during discovery, and to supplement this Complaint with any other access barriers found upon the Subject Property. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34.

20. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

21. Plaintiff intends to visit the Subject Property again in the future (upon the Defendant's compliance with an Order of this Court requiring that Defendant remedies the subject ADA violations), as a tester of ADA compliance, in order to utilize goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property; however, in light of his disabilities, unless and until the Subject Property is brought into compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

22. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations within the Subject Property. This discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*. Such will continue unless and until Defendant is compelled by this Court to remove all physical barriers upon the Subject Property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property, accessible to and usable by persons with disabilities.

23. This Court is vested with authority to grant injunctive relief, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and modifications to Defendant's policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities to the extent required by law.

24. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendant.[6]

WHEREFORE, Plaintiff hereby demands judgment against the Defendant, and requests the following injunctive and declaratory relief:

a) A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendant is in violation of the ADA;

b) An Order requiring Defendant to alter its facilities and amenities to make them accessible to and useable by individuals with disabilities as required by Title III of the ADA;

c) An Order issuing a permanent injunction ordering Defendant to close the Subject Property and cease all business until Defendant removes all violations under the ADA, including but not limited to the violations set forth herein;

d) An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

e) For such other and further relief that this Court deems just, necessary and proper.

DATED this **10th** day of **September,** 2024.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Fort Lauderdale, FL 33301
PH: (954) 745-0588

By: __/s/ Nolan Klein__
NOLAN KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

---

[6] 42 U.S.C. §§ 12205, 12117

10

        and

**ENTIN LAW GROUP, P.A.**
*Co-counsel for Plaintiff*
1213 S.E. Third Avenue
Fort Lauderdale, FL 33316
Tel: (954) 761-7201

By:   */s/ Joshua M. Entin*
JOSHUA M. ENTIN, ESQ.
Florida Bar No. 493724
josh@entinlaw.com

## VERIFICATION

    I hereby certify that I have read the allegations in the above complaint and the allegations are true and correct to the best of my knowledge, information, and belief.

*[DocuSigned by: Jesus Gonzalez, AF11C7979E974A5...]*
JESUS GONZALEZ